IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DEXTWON LAMAR JONES,                   :
                                       :
          **Plaintiff,**               :
                                       :
v.                                     :        Case No. 5:26-cv-143-TES-CHW
                                       :
DEPUTY WARDEN NANCY                    :
LAWSON, *et al.*,                      :
                                       :
          **Defendants.**              :
_____        :

## ORDER AND RECOMMENDATION

Pending before the Court is a Complaint filed by *pro se* Plaintiff Dextwon Lamar

Jones, an inmate in the Baldwin State Prison in Hardwick, Georgia, seeking relief pursuant

to 42 U.S.C. § 1983 (ECF No. 1).  Plaintiff has also filed a motion for leave to proceed *in*

*forma pauperis* ("IFP") (ECF No. 3), a motion for appointed counsel (ECF No. 4), and a

"notice" regarding his claims (ECF No. 5).  For the following reasons, Plaintiff's motion

to proceed IFP is **GRANTED**, and Plaintiff's Eighth Amendment conditions-of-

confinement claim shall proceed against Defendants Hamilton and Lawson.   It is

**RECOMMENDED,** however, that Plaintiff's remaining claims be **DISMISSED without**

**prejudice.**  Plaintiff's motion for appointed counsel is **DENIED.**

### MOTION TO PROCEED IFP

Plaintiff first seeks leave to proceed without prepayment of the filing fee or security

therefor pursuant to 28 U.S.C. § 1915(a).  Plaintiff's submissions demonstrate that he is

presently unable to pay the cost of commencing this action. His motion to proceed IFP (ECF No. 3) is **GRANTED.**

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

### I.       Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The Clerk of Court is **DIRECTED** to send a copy of this Order to Plaintiff's current place of incarceration. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance

with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.    Plaintiff's Obligations on Release from Custody

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## MOTION FOR APPOINTED COUNSEL

Plaintiff also moves for appointed counsel in this case. "Appointment of counsel in a civil case is not a constitutional right." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). "A court's appointment of counsel in a civil case is warranted only in exceptional circumstances, and whether such circumstances exist is committed to the district court's discretion." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013) (citing

3

*Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996)).  In determining whether a case

presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable
> of adequately presenting his case; (3) whether the plaintiff is in a position to
> adequately investigate the case; (4) whether the evidence "will consist in
> large part of conflicting testimony so as to require skill in the presentation of
> evidence and in cross examination"; and (5) whether the appointment of
> counsel would be of service to the parties and the court "by sharpening the
> issues in the case, shaping the examination of witnesses, and thus shortening
> the trial and assisting in a just determination."  The District Court may also
> inquire into whether the plaintiff has made any effort to secure private
> counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*,

691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth

above—concludes that the appointment of counsel is not justified.  Plaintiff has

demonstrated the ability to litigate his case, including filing pleadings and motions

sufficiently setting out his contentions to allow review by this Court.  Additionally, at this

early stage in the litigation, it is unclear if the case will proceed to trial.  Thus, there is no

basis to conclude that counsel will be needed for the presentation of evidence or cross

examination of witnesses.  Plaintiff, "like any other litigant[], undoubtedly would [be]

helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel

is necessary.  *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).  As such, Plaintiff's

motion for appointment of counsel (ECF No. 4) is **DENIED**.[1]  Should it later become

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent
any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  The statute does not,
however, provide any funding to pay counsel for their representation or authorize courts to

apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

**PRELIMINARY SCREENING OF PLAINTIFF'S COMPLAINT**

### I.    Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim

---

compel counsel to represent an indigent party in a civil action. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (stating that district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915 provides no such authority).

5

can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty*., 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g*., *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation

of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

## II.     Factual Allegations and Plaintiff's Claims

Plaintiff's claims arise from his incarceration in the Macon State Prison in June of 2025. ECF No. 1 at 5.[2] Plaintiff contends the cell where he was housed was "filthy" and infested with "roaches, spiders, waterbugs," and mice. *Id.* Plaintiff also contends the prison "has hundreds of cats and kittens on the compound," some of which are also seriously infested with fleas and bugs. *Id.* (describing animals "with their eye's ate out" by insects). Plaintiff states he complained about the state of his cell to unit manager Ms. Hamilton and that she personally observed these conditions. *Id.* at 5-6. As Plaintiff was sleeping, he "felt something quickly run down" his forehead, and when he tried to swipe it away "it ran into [his] eye" and stung or bit him. *Id.* Plaintiff contends his eye "started stinging," he saw "blood on [his] t-shirt," and he "was in great pain[.]" *Id.* Plaintiff was

---

[2] Plaintiff's "notice" consists of several pages that appear to explain the "under color of state law" requirement of a § 1983 case, ECF Nos. 5, 5-1, 5-2 at 1, followed by some additional details concerning Plaintiff's case, ECF Nos. 5-2 at 2-4. In this notice, Plaintiff suggests that he was not given proper medical care after his eye was removed at the hospital. Plaintiff contends that he "was placed in another filthy housing living unit and complained that he was supposed to be in the infirmary" so that medical staff could clean his eye socket. *Id.* at 2-3. In addition, Plaintiff states that he is still having problems with his dissolvable stitches. *Id.* at 4. Plaintiff also contends he was "forced to take mental health medication" so he could be removed from Crisis Stabilization Unit ("CSU") status. *Id.* at 3. Because Plaintiff fails to associate any named Defendant with these actions, any additional § 1983 claims he intends to raise in his notice fail to state a claim and would be subject to dismissal. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation). Plaintiff's remaining allegations in his notice appear to be duplicative of those already considered in connection with the Court's preliminary screening of the Complaint.

hospitalized for approximately 15 days after this incident, and he ultimately "lost [his] left eye completely" as a result of a "bite wound to [his] left eye." *Id.* at 5-6, 7.

### III.    Plaintiff's Claims

Plaintiff's allegations concerning the pest infestation in his cell amount to a challenge to the conditions of his confinement under the Eighth Amendment. *See, e.g., Helling v. McKinney*, 509 U.S. 25, 32 (1993) (observing that State is obligated to care for inmates' "basic human needs," to include adequate shelter (citation omitted)); *see also Bilal v. Geo Care, LLC*, 981 F.3d 903, 915 (11th Cir. 2020) (noting that "the deprivation of basic sanitary conditions can state a constitutional violation" (internal quotation marks and citation omitted)).    A conditions-of-confinement claim has both objective and subjective components. *Christmas v. Nabors*, 76 F.4th 1320, 1331 (11th Cir. 2023).  To state a claim, an inmate must first show that the deprivations he suffers are objectively and sufficiently "serious" or "extreme" so as to constitute a denial of the "minimal civilized measure of life's necessities." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  This standard is only met when the challenged conditions present "an unreasonable risk of serious damage to [the prisoner's] future health or safety," *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotation marks omitted), or if society "considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk," *Helling*, 509 U.S. at 36.

To meet the subjective standard in a prison conditions case, a plaintiff must show that the prison official acted with deliberate indifference. *Thomas*, 614 F.3d at 1304;

8

*Christmas*, 76 F.4th at 1331.  To establish deliberate indifference, a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law[.]'" *Wade*, 106 F.4th at 1255 (first citing *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1270 (11th Cir. 2020); and then quoting *Farmer*, 511 U.S. at 839).

An infestation of insects or vermin that is so severe as to put an inmate's health or safety at risk may rise to the level of an objectively serious condition that satisfies the first element of a conditions of confinement claim.  *See Quintanilla v. Bryson*, 730 F. App'x 738, 747 (11th Cir. 2018) (holding that allegations that prisoner was confined "in an isolation cell with 'an excessive vermin and insect infestation,' including rats, mosquitoes, and spiders" contributed to Eighth Amendment claim); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 188 (3d Cir. 1993) (finding that inmates had "a right to be free of conditions that generate infestation of vermin" and "therefore stated a claim sufficient to withstand dismissal").  Plaintiff's allegations, while relatively sparse, meet that standard here.  And, Plaintiff has also alleged that he complained to the unit manager, Defendant Hamilton, about the condition of his cell and that she personally observed the state of the cell but "said all the rooms w[]ere like this" because rodents were attracted to "left over food particles on the floors."  ECF No. 1 at 6.  This allegation is sufficient to show that Defendant Hamilton was subjectively aware of these conditions but failed to take action to rectify them.  At this early stage of the litigation, the Court cannot conclude that Plaintiff's Eighth Amendment conditions-of-confinement claim against Defendant Hamilton is entirely frivolous.  As such, it shall proceed for further factual development.

9

Plaintiff also names two other Macon State Prison officials as Defendants in this case: Ms. Nancy Lawson, a deputy warden, and Mr. Pope, another unit manager. ECF No. 1 at 1, 4. Plaintiff does not mention these individuals in connection with his conditions-of-confinement claims, however.[3] The Court infers that Plaintiff may intend to sue these individuals in their capacity as supervisors at the prison.

It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Christmas*, 76 F.4th at 1330; *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Instead, supervisors who did not personally participate in the alleged constitutional violation can only be held liable under § 1983 if a causal connection exists between the supervisor's actions and a subordinate's conduct. *Christmas*, 76 F.4th at 1330. This causal connection can be established if

> (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so"; (2) "the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights"; or (3) "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."

*Hendrix v Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (alterations in original) (quoting *Douglas*, 535 F.3d at 1322). "The standard by which a supervisor is held liable in [his]

---

[3] Plaintiff alleges that Defendant Lawson transferred him to Baldwin State Prison approximately six months after Plaintiff was released from the hospital because she believed he "was a liability to her institution." ECF No. 1-1 at 1. It does not appear that Plaintiff is attempting to bring a claim against Defendant Lawson regarding this transfer, however, particularly since Plaintiff previously requested to be transferred from Macon State Prison. *See id.*

individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (quoting *Doe v. Sch. Bd. of Broward Cnty.*, 604 F.3d 1248, 1266 (11th Cir. 2010)).

As an initial matter, Plaintiff has not alleged any facts that could suggest that Defendant Pope was Defendant Hamilton's supervisor.  Plaintiff simply identifies Defendant Pope as another unit manager at the prison.  ECF No. 1 at 4.  If Defendant Pope is not Defendant Hamilton's supervisor, then he cannot be held responsible in his supervisory capacity for her action or inaction.  *Cf., e.g., Keating v. City of Miami*, 598 F.3d 753, 765 (11th Cir. 2010) (observing that subordinate officer was not reasonably expected to stop alleged constitutional violation where subordinate officer "did not have any authority to contravene [superior officer's] orders"); *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (noting that "[w]hether a defendant actually controls, or fails to properly supervise a subordinate . . . may prove to be relevant inquiries" in determining whether causal connection exists between actions taken by defendant and alleged constitutional violation).  Any supervisory liability claims Plaintiff is attempting to assert against Defendant Pope should therefore be dismissed without prejudice.

Defendant Lawson, on the other hand, is a deputy warden at the prison and thus presumably maintains authority over the unit managers, including Defendant Hamilton, and the condition of their units.  ECF No. 1 at 4.[4]  Plaintiff has alleged facts that could support the inference that the conditions in Plaintiff's unit were so widespread and obvious

---

[4] In his notice, Plaintiff identifies Defendant Lawson as "Warden of Macon State Prison/security or head of care and treatment" and "Guardian overseer of previous Inmate Jones."  ECF No. 5-2 at 5.

that Defendant Lawson knew of them but failed to take any action. *See, e.g., id.* at 5-6. At this early stage, the Court cannot find that Plaintiff's Eighth Amendment claims against Defendant Lawson are necessarily frivolous. As such, they shall proceed for further factual development.[5]

## CONCLUSION

Based on the foregoing, Plaintiff's motion to proceed IFP (ECF No. 3) is **GRANTED**, and Plaintiff's Eighth Amendment conditions-of-confinement claim shall proceed against Defendants Hamilton and Lawson. It is **RECOMMENDED,** however, that Plaintiff's remaining claims be **DISMISSED without prejudice.** Plaintiff's motion for appointed counsel (ECF No. 4) is **DENIED.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the

---

[5] As noted above, Plaintiff has not alleged any facts in the Complaint itself suggesting that any named Defendants were deliberately indifferent to his serious medical needs after his injury.

12

right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Hamilton and Lawson, it is accordingly **ORDERED** that service be made on those Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Each Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

13

## FILING AND SERVICE OF MOTIONS,
## PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff.  The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

14

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

**IT IS FURTHER ORDERED** that Defendants comply with the attached "Required Disclosure of the Existence of Video or Photographic Evidence When Plaintiff Files Suit Against One or More Georgia Department of Corrections Employees Relating

15

to Events That Occurred During Plaintiff's Incarceration within the Georgia Department of Corrections."

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 18th day of June, 2026.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

16

**REQUIRED DISCLOSURE OF THE EXISTENCE OF VIDEO OR PHOTOGRAPHIC EVIDENCE WHEN PLAINTIFF FILES SUIT AGAINST ONE OR MORE GEORGIA DEPARTMENT OF CORRECTIONS EMPLOYEES RELATING TO EVENTS THAT OCCURRED DURING PLAINTIFF'S INCARCERATION WITHIN THE GEORGIA DEPARTMENT OF CORRECTIONS**

Counsel for the Defendants shall confer with the Defendants and with appropriate Georgia Department of Corrections ("GDC") staff, and no later than 30 days from the date of entry of this Required Disclosure file the following disclosures:

(1)      State whether, at the time of the incident alleged in the complaint, the facility had stationary or mounted cameras in the area where that incident allegedly occurred.

(2)      If so, state whether those cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and the identity of the custodian of the recordings.  If the recordings have not been preserved, explain in detail why.

(3)      State whether body-worn or handheld cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and identify the custodian of the recordings.  If the recordings have not been preserved, explain in detail why.

(4)      If Plaintiff complains of a use of force (either anticipated, spontaneous, or unanticipated) as that term is defined in the GDC Standard Operating Procedure, Use of Video Recording Equipment, Policy No. 204.11, and the GDC Standard Operating Procedure, Use of Force and Restraint for Offender Control, Policy No. 209.04, identify the custodian of any recordings of the events alleged.  If there are no available recordings, explain in detail why the events were not recorded or, if recorded but no longer available, why the recordings were not preserved.

(5)      Identify all GDC employees contacted to gather the information required by this disclosure.

Counsel is directed to preserve all video recordings and any photographs that may have captured the events giving rise to the complaint.  Failure to do so may result in the imposition of sanctions.